UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA ANDERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-391-TS |
| ) | |
| RES-CARE, INC. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Plaintiff, Sandra Anderson, has sued the Defendant, Res-Care, Inc., for terminating her employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and in breach of her Employment Agreement with the Defendant. The Defendant moved to dismiss the Complaint [DE 9] without prejudice subject to refiling in a court in the Commonwealth of Kentucky. The basis for the Defendant's challenge to venue in this Court is a choice of law and choice of forum clause in the employment contract that is the subject of the Plaintiff's pendent state law claim. The Plaintiff opposes dismissal of either count and contends that because this Court has original jurisdiction over the ADA claim, it can exercise jurisdiction over the breach of contract claim that derives from a common nucleus of operative fact with the federal claim. The Plaintiff also argues against enforcement of the forum provision because it is unfair and unreasonable.

**BACKGROUND**

The Defendant is a corporation doing business in the Northern District of Indiana. Its principal office is located in Jefferson County, Kentucky. Beginning in June 1999, the Plaintiff signed three consecutive Employment Agreements. The third one, entered into on January 1, 2004,

covered a period of three years, from January 1, 2004, to December 31, 2006. During this time, the Plaintiff was to serve as the Defendant's Executive Director and could only be terminated for cause. Section 14 of the Employment Agreement provides:

> **Governing Law; Jurisdiction; Venue**.  This Employment Agreement is executed and delivered in, and shall be governed by, enforced and interpreted in accordance with the laws of, the Commonwealth of Kentucky. The parties hereto agree that federal or state courts located in Kentucky shall have exclusive jurisdiction with regard to any litigation relating to this Employment Agreement and that venue shall be proper in Jefferson County, Kentucky, the location of the principal office of the Company.

This same language was included in the two previous employment agreements.

The Plaintiff performed the majority of her work for the Defendant in Marion, Indiana, which is in the Northern District of Indiana. She did not perform any work in the state of Kentucky. When the Plaintiff entered into the Employment Agreement, she did so by signing papers she received in the mail and returning them to the Defendant by mail.

On November 8, 2005, the Plaintiff filed her Complaint in this Court. The Plaintiff alleges in her Complaint that after she was diagnosed with a serious health condition and informed the Defendant of symptoms she was experiencing, which began to manifest themselves at work, she was terminated despite being able to perform the essential functions of her position. She believes that the Defendant's reasons for firing her were pretext for discrimination under the ADA and that her termination was not warranted or justified under the Employment Agreement. She submits that the Court had jurisdiction over her ADA claim under 42 U.S.C. § 12117 and 28 U.S.C. § 1331. She invokes the Court's supplemental jurisdiction over her state law breach of contract claim under 28 U.S.C. § 1367.

**DISCUSSION**

There is no dispute that this Court has original jurisdiction over the Plaintiff's ADA claim. The Plaintiff argues that, as a result, the Court also has jurisdiction, albeit discretionary, over the common law contract claim under the principles of pendent jurisdiction codified in 28 U.S.C. § 1367. The Plaintiff asserts that the Court, guided by such factors as judicial economy, convenience, fairness, and comity, should use its discretion to exercise jurisdiction over the state claim. To this end, it maintains that the forum selection clause is not "mandatory" under Kentucky law.

The Defendant contends that the choice of forum provision in the Employment Agreement is enforceable under federal law and that this calls for dismissal, not only of the state claim, but of the entire Complaint, including the ADA claim.

Therefore, the question before this Court is whether the forum selection clause is enforceable, and, if so, what effect it has on the Plaintiff's lawsuit.

**A.     Standard of Review**

The parties do not dispute that the Defendant's motion should be considered as a motion to dismiss the Plaintiff's Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006) ("A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3)."); *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606–07 (7th Cir. 2003) ("A lack of venue challenge, based upon a forum-selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss."). When a defendant challenges venue under Rule 12(b)(3), it is the plaintiff's burden to establish that venue

3

is proper *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005). The court is not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment. *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

### B.   Governing Law

In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Supreme Court was presented with the question whether state or federal law controlled the resolution of a motion to transfer an action pursuant to 28 U.S.C. § 1404(a) to the venue provided in a contractual forum selection clause. The Court held that federal law governed the disposition of a § 1404(a) motion. 487 U.S. at 32. Recently, the Seventh Circuit declined to determine whether state or federal law applies in a dispute over a forum selection clause when a case is dismissed rather than transferred pursuant to § 1404(a). *Muzumdar*, 438 F.3d at 761 n.2 (finding forum selection clause valid in case asserting violations of RICO, federal securities laws, and Illinois statutes); *see also IFC Credit Corp. v. Aliano Brothers Gen. Contractors, Inc.*, 437 F.3d 606, 611 (7th Cir. 2006) ("taking no position on whether federal or state law governs the issue of validity [of a forum selection clause] when there is no transfer order" and finding forum selection clause valid under both federal and Illinois law).

Federal, Indiana and Kentucky law all seem to apply the same basic principles to determine whether a forum selection clause is valid and enforceable. As discussed below, applying these principles leads this Court to conclude that the forum selection clause in the Plaintiff's Employment Agreement is valid and enforceable.

4

C.    **Enforceability of Forum Selection Clause**

Under federal law, forum selection clauses "are prima facie valid," and courts will enforce them unless the party opposing enforcement shows that enforcement would be unreasonable or unjust under the circumstances. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

> The Supreme Court has construed this exception narrowly: forum selection and choice of law clauses are "unreasonable" (1) if their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power,(2) if the selected forum is so "gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court."; or (3) if enforcement of the clauses would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993) (citations omitted) (alteration in original).

In Indiana,

> Contractual provisions, even those occurring in form contracts, that seek to limit the litigation of future actions to particular courts or places are enforceable if they are reasonable and just under the circumstances, and there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court. *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248, 252 (Ind. Ct. App.1992), *trans. denied*. Courts also evaluate whether the provision was freely negotiated. *See Horner*, 650 N.E.2d [759,] 763 [(Ind. Ct. App. 1995)]. Even where the forum-selection clause establishes a remote forum for resolution of conflicts, "the party claiming [unfairness] should bear a heavy burden of proof." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991) (*quoting The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

*Grott v. Jim Barna Log Sys.-Midwest, Inc.*, 794 N.E.2d 1098, 1102 (Ind. Ct. App. 2003) (parallel citations omitted). Similarly, the Kentucky Supreme Court has summarized the factors that determine whether a forum clause, which is prima facie valid, is unreasonable and unenforceable.

> Those factors are: 1) whether the clause was freely negotiated; 2) whether the specific forum is a seriously inconvenient place for trial; 3) whether enforcement would contravene a strong public policy of the forum in which the suit is brought; and 4) whether Kentucky has more than a minimal interest in the lawsuit.

*Wilder v. Absorption Corp.*, 107 S.W.3d 181,183 (Ky. 2003).

5

The Plaintiff argues that the forum provision was not freely negotiated because of a great disparity in bargaining power. The Plaintiff contends that if she wanted to continue to work for the Defendant, "she had no meaningful choice but to sign the Employment Agreement." (DE 11 at 11.) This argument ignores the fact that the Plaintiff was not forced to work for the Defendant; she willingly chose her employment. As the Defendant points out, the Plaintiff was a "highly compensated executive employee who knowingly and willingly worked for the [D]efendant." (DE 14 at 3.) In addition, the Employment Agreement at issue was not the Plaintiff's first exposure to an employment contract. In fact, it was the third consecutive agreement signed by the Plaintiff, each of which contained the same unambiguous language regarding governing law, jurisdiction, and venue. The Plaintiff presents no evidence that she even objected to the language or attempted to have it eliminated from any of the contracts covering nine year of employment. In any event, mere absence of negotiation over the terms of a contract does not render a forum selection clause unenforceable. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (holding that a forum selection clause contained in a passenger contract, or ticket, for a cruise was enforceable).

Next, the Plaintiff argues that Kentucky is a seriously inconvenient place for trial because the contract was executed in Indiana and the majority of witnesses are located in Indiana. Even if true, this is not enough to invalidate the clause as unfair or unreasonable. A forum selection clause will not be invalidated unless "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Bremen*, 407 U.S. at 18. The Plaintiff has not demonstrated how she would be deprived of her day in court if required to bring suit in Jefferson County, Kentucky, which is less than 200

6

miles from Marion, Indiana. *Cf. Paper Express Ltd. v. Pfankuch Maschinen,* 972 F.2d 753, 758 (7th Cir.1992) (rejecting argument that forum selection clause requiring litigation in Germany is unreasonable even though witnesses and physical evidence was located in Illinois).

The Plaintiff also argues that the public policy of Indiana would be contravened if the enforcement of a contract that was executed, performed, and breached in Indiana was decided in a Kentucky courtroom. However, the Plaintiff does not cite to any public policy of the state of Indiana that would be subverted by requiring her to file her suit, against a Kentucky corporation, in Kentucky. Moreover, the contract itself provides that Kentucky law is to apply to its interpretation and enforcement.

The Plaintiff suggests that the ADA would be contravened because the forum provision would contradict her right to bring her ADA suit in the court in the judicial district where the unlawful employment practice was committed and strip this Court of its original jurisdiction over the federal claim. The Court does not agree. Although the Defendant argues in its Motion to Dismiss that both counts of the Plaintiff's Complaint "relate to her employment" and are subject to the forum clause in the Employment Agreement, the alleged statutory violation is independent and unrelated to the contract. It is the Employment Agreement that is governed by, enforced and interpreted in accordance with Kentucky law—not the Plaintiff's employment as a whole. The forum clause applies only to "litigation relating to this Employment Agreement" not to all litigation relating to the Plaintiff's employment. The Employment Agreement, and its terms, are simply not relevant to the Plaintiff's ADA claim. Therefore, the forum provision does not "contravene statute" as the Plaintiff suggests, particularly not any statute that is unique to Indiana.

Plaintiff's arguments do not sufficiently overcome the heavy burden that is required to

disregard a forum selection clause. The breach of contract claim is dismissed pursuant to Rule 12(b(3).

**D.     Plaintiff's ADA Claim**

This Court has original jurisdiction over the Plaintiff's ADA claim. *See* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(f)(3)); 28 U.S.C. § 1331. Venue is also appropriate in this Court because all the alleged unlawful employment practice was committed in this judicial district. The forum selection clause in the Employment Agreement does not apply to the ADA claim. To the extent the Defendant seeks to dismiss the ADA claim, its motion is denied.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 9] is GRANTED in PART and DENIED in PART. Count II of the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(3). Count I remains pending.

SO ORDERED on March 27, 2006.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT